UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIRUI MA,<br>Petitioner,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-04689-SSC<br><br>MEMORANDUM AND ORDER |

A Chinese citizen who overstayed her visa asks the Court to release her from immigration custody through a writ of habeas corpus following denial of bond. Finding no constitutional or statutory basis for release, the Court DENIES the petition.

I

On August 18, 2026, Petitioner Hairui Ma filed a counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1]

---

[1] Petitioner is a citizen of China. (ECF 1 at 1.)

Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in

currently detained by Immigration and Customs Enforcement (ICE) at the Adelanto ICE Processing Center in Adelanto, California. (*Id.* at 1–2.)

The following facts are as alleged in the petition. Petitioner was admitted into the United States on or about November 17, 2022 on a B-1/B-2 nonimmigrant visa. (*Id.* at 4.) Approximately two months after her entry, Petitioner filed an application for asylum, which remained pending until her detention. (*Id.* at 4–5.) On or around February 8, 2023, Petitioner appeared for biometrics collection at the United States Citizenship and Immigration Services (USCIS) Service Application Support Center. (*Id.* at 5.) In July 2023, Petitioner was granted employment authorization and obtained a Social Security Number. (*Id.*) Since then, Petitioner has lived openly, worked lawfully, and established community ties. (*Id.*) Petitioner has no criminal history. (*Id.*)

On or about July 14, 2026, Petitioner was taken into custody by ICE at Los Angeles International Airport[2] and placed in removal proceedings. (*Id.*) On August 11, 2026, Petitioner received a bond hearing and was denied bond. (*Id.*)

---

place of "alien." *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

[2] The I-213 provides that Petitioner was scheduled to depart on a domestic flight to Atlanta, Georgia. (ECF 13-3 at 2.)

Petitioner brings two claims: (1) a claim for violation of procedural due process alleging she was arrested without advance notice, a pre-deprivation hearing, or any meaningful opportunity to contest the basis for her detention, and (2) a claim for violation of substantive due process alleging that her detention is not necessary to serve a legitimate governmental purpose. (*Id.* at 6–11.) The petition seeks immediate release, or, in the alternative, a bond hearing at which the government bears the burden of establishing by clear and convincing evidence that continued detention is appropriate. (*Id.* at 11–12.)

On August 26, 2026, Respondents filed an answer. (ECF 7.) Respondents argue that Petitioner received a legally adequate bond hearing at which the immigration judge determined that she was a flight risk and denied bond. (*Id.* at 2–3.) Respondents further argue that Petitioner "has yet to complete the exhaustion of her administrative remedies" before the Board of Immigration Appeals (BIA). (*Id.* at 3–6.) Respondents note that Petitioner reserved her right to appeal the immigration judge's decision and that appeal is due September 10, 2026 (*id.* at 2), but the Executive Office for Immigration Review (EOIR) website indicates that no appeal was received.

On August 27, 2026, Petitioner filed a reply. (ECF 9.) The reply clarifies that Petitioner does not ask this Court to review the bond determination, but rather challenges the decision to arrest and detain her without advance notice, a warrant, or an opportunity to be heard. (*Id.* at 1.) The reply also raises a new claim, alleging that Petitioner was arrested without a warrant in violation of 8 U.S.C. § 1226(a). (*Id.* at 4.) The Court allowed Respondents the opportunity to respond to this new claim, which they did. (ECF 12; ECF 13.) On October 26,

2026, Petitioner replied to Respondents' supplemental briefing. (ECF 14.)

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

Respondents argue that Petitioner should be required to exhaust her administrative remedies, specifically that she should be required to appeal her bond determination to the BIA.[3] (ECF 7 at 3.) Petitioner's claims, however, do not attack the bond hearing but only the process and fact of her initial detention. (ECF 1 at 1–2; ECF 9 at 1–3.) As such

[3] Citing 8 U.S.C. § 1252(a)(5) and (b)(9), Respondents argue that "any issue—whether legal or factual—arising from any removal-related activity can be reviewed only through the petition-for-review process." (ECF 7 at 4 (citation modified).) That section pertains to judicial review of orders of removal. *See* § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued . . . ."); § 1252(b)(9) ("Judicial review of all questions of law and fact . . . arising from any action . . . under this subchapter shall be available only in judicial review of a final order[.]"). Because neither party has alleged that Petitioner is subject to an order of removal, these sections do not preclude this Court's review.

claims are not part of the immigration judge's bond determination, the BIA would not reach such claims on a bond appeal. *See Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006) (finding that petitioners were not required to exhaust their due process claim before the BIA because "[t]he BIA does not have jurisdiction to determine the constitutionality of the statutes it administers"); *see also Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (explaining that while 8 U.S.C. § 1226(e) precludes jurisdiction over claims challenging an immigration judge's determination, that provision does not preclude "habeas jurisdiction over constitutional claims or questions of law" (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011))).

**IV**

Turning to the merits, Petitioner brings a procedural due process claim alleging she was detained without "advance notice, a pre-deprivation hearing, or any meaningful opportunity to contest the basis for her detention[.]" (ECF 1 at 6.)

**A**

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment applies to noncitizens "whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Procedural due process is governed by a two-step analysis." *Hewitt v. Grabicki*, 794 F.2d 1373, 1380 (9th Cir. 1986). A court must first determine whether a liberty or property interest exists, and, if so, it must then determine what process is due. *Id.*

To determine whether the government has provided sufficient procedural due process to deprive an individual of life, liberty, or

property, courts apply the three-factor *Mathews* test considering: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[4] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

**B**

Petitioner alleges that her protected interest comes from the fact that she has resided in the United States for almost four years while her asylum application was pending, worked lawfully, established community ties, and maintained a record free of criminal history. (ECF 1 at 7–8.) The Court disagrees.

In support of her claim, Petitioner cites *Abdeltawab v. Armant*, in which the court found, in the preliminary injunction context, that the petitioner obtained a liberty interest in his continued release when, after he was charged as removeable, the immigration court administratively closed his removal proceedings and the government granted him employment authorization. No. EDCV 26-01520-MWF (DBT), 2026 WL 1045564, at *1–2 (C.D. Cal. Apr. 13, 2026). But this analogy fails because Petitioner does not allege that she was previously charged as removeable, nor does she allege that she entered removal proceedings prior to her detention.

---

[4] The Ninth Circuit has "assume[d] without deciding" that *Mathews* applies in the immigration detention context. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022).

Petitioner also cites decisions finding a conditional liberty interest where the government's knowledge of an individual's presence and decision not to detain them gives rise to an inference that an asylum applicant is not a flight risk or danger to the community. (ECF 1 at 7 (citing *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026); *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026); *Ren v. Janecha*, No. 5:26-cv-04364-AJR, 2026 WL 2413320 (C.D. Cal. Aug. 17, 2026); *Dai v. Janecha*, No. 5:26-cv-03966-PD, 2026 WL 2164154 (C.D. Cal. July 24, 2026)).) The facts giving rise to such an inference are not before the Court in this case. Three of the cited cases are factually distinguishable in that the petitioners had not previously received a custody redetermination hearing. *See Kharitonova*, 2026 WL 531441, at *1 ("The government insists its sudden detention of Petitioner is lawful, and that it does not even have to give her a detention hearing."); *Dai*, 2026 WL 2164154, at *2 (recognizing the petitioner did not receive "any bond or custody redetermination"); *Ren*, No. 5:26-cv-04364-AJR, Dkt. No. 1 at 2 (C.D. Cal. filed Aug. 4, 2026). Here, Petitioner received a bond hearing on August 11, 2026, 28 days after she was taken into custody. (ECF 1 at 5.) At the bond hearing, the immigration judge determined that Petitioner posed a flight risk "which no amount of bond, even if coupled with alternatives to detention, is sufficient to mitigate significant likelihood of absconding" and denied bond. (ECF 7-1 at 1.) Petitioner reserved her right to appeal the bond denial, and the deadline to appeal was September 10, 2026.[5] (*Id.* at 2.)

---

[5] The EOIR website indicates that no appeal was received in Petitioner's case. *See* Automated Case Information,

Even without the factual difference, the Court is not persuaded to apply the reasoning from those cases to this one. As one court explained, such reasoning "read[s] intentionality into what used to be, in the Court's understanding, a deliberate separation between the mechanisms that enforced our immigration law and those that adjudicate requests for humanitarian relief, and is now something closer to bureaucratic neglect." *Wang v. Janecha*, No. 5:26-cv-4447-BFM, 2026 WL 2584800, at *2 (C.D. Cal. Aug. 31, 2026).

Instead, the Court finds that Petitioner, having overstayed her nonimmigrant visa, does not have a conditional interest protected by the Due Process Clause. *See, e.g.*, *Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK, 2026 WL 1772761, at *2 (C.D. Cal. June 16, 2026) (denying procedural due process claim of individual who overstayed his visa); *Herrera v. Blanche*, No. C26-1684-MLP, 2026 WL 1733493, at *2 (W.D. Wash. June 16, 2026); *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-cv-00725-RBM-VET, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026) (finding that although an individual admitted on a B-2 visa "has a private interest in remaining free, he does not possess the same liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole").

But even assuming a protected liberty interest sufficient to proceed to the *Mathews* factors, and further that Petitioner's private interest in being free weighs in her favor, the risk of erroneous deprivation is low given the significant process afforded to her.

The law entitles Petitioner to a significant amount of process in connection with her detention including arrest with a warrant, a

---

https://acis.eoir.justice.gov (last visited Oct. 26, 2026) (searching A-Number "246 468 421" and Nationality "China").

prompt custody decision, and the right to seek a custody redetermination before an immigration judge and to appeal the immigration judge's decision, if necessary. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19(a)–(b); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The record indicates that Petitioner received such process. As the Court discusses below, Petitioner was arrested pursuant to a warrant. (ECF 13-2.) And as the record makes clear, Petitioner received a custody redetermination hearing and reserved her right to appeal the bond denial, though no appeal in Petitioner's case appears on the EOIR website. (ECF 1 at 5; ECF 7-1; ECF 11-1.)

**V**

Petitioner also argues that her detention violates substantive due process because Respondents "have identified no circumstances demonstrating that physical confinement became necessary to serve a legitimate governmental purpose[,]" rendering her detention excessive. (ECF 1 at 10–11.) The Court is not persuaded.

The Ninth Circuit has held that an individual detained under civil process "cannot be subjected to conditions that 'amount to punishment.'" *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 536–37 (1979)). A detention is "punitive" where it is "intended to punish," is "excessive in relation to [its non-punitive] purpose," or is "employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Id.* at 933–34 (alteration in original) (citations omitted).

Here, Petitioner has been detained less than four months. (ECF 1 at 5.) Though the Court recognizes the hardship imposed by any period of detention, Petitioner's period of detention is not so lengthy as to rise

to a substantive due process violation. *See, e.g.*, *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1083 (N.D. Cal. 2024) (finding that a duration of 30 months in immigration detention suggests a potential substantive due process violation); *United States v. Torres*, 995 F.3d 695, 709 (9th Cir. 2021) (concluding that 21 months of pretrial detention for a person charged with a criminal offense "does not yet violate due process" but is "approaching the limits of what due process can tolerate").

Petitioner also argues that her detention is "excessive in relation to the Government's legitimate civil regulatory interests and constitutes an arbitrary deprivation" of her liberty because she pursued her asylum application, obtained employment authorization, worked, paid taxes, and has no criminal history. (ECF 1 at 11.) The proper avenue to challenge this is a bond hearing. *See Martinez Leiva v. Becerra*, No. 23-cv-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023); *I.E.S. v. Becerra*, No. 23-cv-03783-BLF, 2023 WL 6317617, at *7 (N.D. Cal. Sep. 27, 2023) ("[Petitioner's] argument that his prolonged detention is excessive in light of alternatives . . . is an argument that [petitioner] should have an opportunity to prove at a bond hearing."). As the record makes clear, Petitioner received a bond hearing and has reserved her right to appeal the bond denial. (ECF 7-1 at 2; ECF 11-1.)

Accordingly, Petitioner's procedural and substantive due process claims fail.

**VI**

In Petitioner's reply, she brings a new claim alleging that she was arrested without a warrant in violation of 8 U.S.C. § 1226(a)'s express warrant requirement. (ECF 9 at 4.) That section provides that "[o]n a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is

to be removed from the United States." 8 U.S.C. § 1226(a). Section 1357(a) lays out the exception to the warrant requirement, permitting an officer to arrest a noncitizen without a warrant "if he has reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" *Id.* § 1357(a)(2).

Petitioner has not met her burden to show unlawful detention based on a warrantless arrest. Contrary to Petitioner's contention, Respondents provide a copy of the warrant authorizing Petitioner's arrest. (ECF 13-2.) The I-213 states that Petitioner was notified that "a warrant had been issued for her arrest[,]" and that upon Petitioner's arrest, she was served with a form I-862 Notice to Appear and an I-286 Custody Determination. (ECF 13-3 at 3.) Both forms are in the record. (ECF 13-1; ECF 13-4.)

On October 26, 2026, Petitioner replied to Respondents' supplemental brief. (ECF 14.) Petitioner alleges that the materials provided by Respondents "do not establish that a warrant was issued before Petitioner's arrest" because the warrant's bases for probable cause rely on her own statements on the scene and on a charging document, which she alleges was served only after she was transported to the Los Angeles Field Office for processing. (*Id.* at 1.) Petitioner further argues that the warrant bears no time of issuance, and that its certificate of service does not identify when or where it was served. (*Id.*)

The warrant's certificate of service is signed by the serving officer, and states that the warrant was served on July 14, 2026, the day Petitioner was detained. (ECF 13-2.) It also indicates that the contents of the notice were read to Petitioner in Mandarin, and includes the name of an interpreter. (*Id.*) Though Petitioner alleges that she was

served the Notice to Appear only after her arrest, she provides no evidence indicating that it was drafted then, too. And the I-213 indicates that Petitioner was "positively identified" and informed that a warrant had been issued for her arrest after the officers conducted a field interview. (ECF 13-3 at 3.) Petitioner provides no authority nor evidence for her claim that "[a] warrant that rests on the subject's own statements at the scene . . . could not have been issued before the arrest." (ECF 14 at 1.)

It is Petitioner's burden to show unlawful detention, and here she has not shown the absence of an arrest warrant. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) (in "federal habeas proceedings, it is the petitioner who bears the burden of proving his case"); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it."); *see also* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true[.]").

Having provided no evidence to contradict the documents provided by Respondents, Petitioner has failed to meet her burden as to this new claim.**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered denying the petition.

DATED: October 27, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE